Case 2:15-cv-00352   Document 34   Filed in TXSD on 03/31/16   Page 1 of 12

United States District Court
Southern District of Texas

**ENTERED**
March 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERTO PEREZ JR., § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-352 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Roberto Perez, Jr., is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Coffield Unit in Tennessee Colony, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on June 30, 2015.[1] Petitioner claims that his constitutional rights were violated during his trial. Respondent filed a motion for summary judgment on January 6, 2016 to which Petitioner responded on March 14, 2016 (D.E. 19, 32). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed with prejudice because it is barred by the statute of limitations. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on June 30, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On September 13, 2002 Petitioner was reindicted by the Nueces County Grand Jury on one count of murder and also for being a repeat felony offender following the death of his girlfriend on September 2, 2001. *Ex Parte Perez*, WR-71,011-02, Event Date 02/23/2009 at 29-39 (D.E. 25-11 at 33-34). On September 2, 2001, Petitioner's girlfriend fell on an empty aquarium which was sitting on the bedroom floor, breaking the glass. When she fell, a piece of broken glass pierced her perineal area, cutting a large artery and causing her to bleed to death. The issue at trial was whether Petitioner had shoved his girlfriend during an argument causing her to fall on the aquarium, or whether she had tripped and fallen while Petitioner was asleep.

Petitioner was tried by a jury and convicted of the lesser included offense of manslaughter. Following a punishment hearing, Petitioner was sentenced to life in prison on July 18, 2001. *Id.* at 43-45 (D.E. 25-11 at 47-49).

Petitioner filed a direct appeal and on December 21, 2006 the Thirteenth Court of Appeals affirmed his conviction but modified the judgment to delete the finding that he used or exhibited a deadly weapon. *Perez v. State*, 216 S.W.3d 855, 857 (Tex. App. – Corpus Christi 2006, pet. ref'd) (located herein at D.E. 21-5). Petitioner sought a petition

for discretionary review and the Texas Court of Criminal Appeals refused it on November 14, 2007 and also denied his motion for rehearing on January 9, 2008. *Perez v. State*, No. PD-0642-07 (Tex. Crim. App. 2007)(not designated for publication)(D.E. 21-10). Petitioner did not seek a petition for certiorari with the United States Supreme Court.

Petitioner filed an application for habeas relief in state court on January 8, 2009. *Ex Parte Perez*, WR-71,011-02 at 2-14 (D.E. 25-11 at pp. 6-18). The State filed an answer and the trial court entered a memorandum and recommendation on February 10, 2009, recommending that Petitioner's claims be denied. *Id.* at 25-26 (D.E. 25-11 at pp. 31-32). On March 4, 2009 the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 25-11 at p. 2).

Petitioner filed a second state habeas application on August 16, 2011. *Ex Parte Perez*, WR-71,011-03 at 1-55 (D.E. 25-15 at pp. 6-61). On November 25, 2011, the Texas Court of Criminal Appeals dismissed the application as an abuse of the writ pursuant to Tex. Code Crim. Pro. art. 11.07 § 4(a)-(c). *Id.* at "Action Taken" page (D.E. 25-15 at p. 2). In the meantime, Petitioner had filed a third state writ application on September 20, 2011 and it was dismissed as noncompliant with Tex. R. App. Pro. 73.1 on October 26, 2011. *Ex Parte Perez*, WR-71,011-04 at 2-12 and "Action Taken" page (D.E. 25-18 at pp. 5-15, 2). Petitioner filed a fourth application for state habeas relief on June 10, 2013. *Ex Parte Perez*, WR-71,011-05 at 2-186 (D.E. 25-24 at pp. 6-127 and

D.E. 25-25 at pp. 1-68). The Texas Court of Criminal Appeals dismissed the application as an abuse of the writ on October 2, 2013. *Id.* at "Action Taken" page (D.E. 25-24 at 2).

Petitioner filed this application in federal court on June 30, 2015 and makes the following arguments:

(1) He received ineffective assistance of counsel when his attorney
(a) failed to litigate his Fourth Amendment claim;
(b) failed to seek forensic analysis in the field of crime scene reconstruction, blood splatter analysis and cause of death;
(c) failed to argue that Petitioner's extraneous offenses were inadmissible;
(d) failed to object to the State's use of known false testimony by a witness;
(e) failed to object to the faulty indictment; and
(f) failed to object to the State's use of a new medical examiner, which allowed the State to suppress exculpatory testimony;

(2) His Fourth Amendment right to be free from an unlawful search and seizure was violated;

(3) He was denied the right to a fundamentally fair trial under the Sixth Amendment because the State knowingly used false evidence to gain a conviction;

(4) He was denied his Fourteenth Amendment right to due process when the police used impermissible investigative procedures to collect evidence from his home;

(5) He was denied his First Amendment right to petition the government for redress of grievances to prove evidence used at his trial was false;

(6) He was denied his right to due process when he was convicted of manslaughter without any evidence to support the conviction.

In his motion for summary judgment, Respondent argues that Petitioner's cause of action is barred by the statute of limitations. In his response, Petitioner counters that he is entitled to equitable tolling of the statute of limitations.

## APPLICABLE LAW

**A. Statute of Limitations**

Respondent argues that petitioner's application for habeas corpus relief was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on April 8, 2008, which was the expiration of the deadline for seeking a writ of certiorari in his case. Sup. Ct. R. 13.1; 28 U.S.C. §

2244(d)(1)(A).[2] He had one year from that date, or until April 8, 2009, to file his federal petition. He did not file it until June 30, 2015, more than six years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). Petitioner's first state habeas application was pending from January 8, 2009 until March 4, 2009, a period of fifty-six days. Adding fifty-six days to April 8, 2009 extended the deadline to June 2, 2009. Because Petitioner did not file his federal petition until June 30, 2015, it still was filed more than six years too late. The next three state habeas petitions did not extend the federal statute of limitations because they were filed after the limitations period had expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### 1. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he was denied access to the law library. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United*

---

[2] Pursuant to Supreme Court Rule 13.1, unless otherwise provided by law, a petition for writ of certiorari must be filed ninety days after entry of the judgment. In Petitioner's case, after the Texas Court of Criminal Appeals denied his petition for discretionary review, he filed a motion for rehearing. The Texas Court of Criminal Appeals denied the motion for rehearing on January 9, 2008. Petitioner needed to file his petition for writ of certiorari within ninety days of that date, or by April 8, 2008.

*States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." C*oleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner argues that he was denied access to the law library from October 2007 until August 2009 and was not allowed access to the resources he needed to research his claims. He also alleges that prison authorities denied him postage and refused to mail other legal documents he submitted to them for mailing.

However, in that time period Petitioner managed to file an application for state habeas relief. In addition, he filed a § 1983 lawsuit in the Northern District of Texas on March 17, 2008, alleging in part that he was being denied access to the courts. *Perez v. Williams*, No. 7:08-cv-00030-O, 2010 WL 1962773 (N.D. Tex. 2010). From the day he filed the § 1983 lawsuit until the District Court dismissed it on May 17, 2010, Petitioner filed thirteen documents in the District Court (*See Docket Sheet in Perez*, No. 7:08-cv-00030-O). Petitioner filed seven of those documents while the one-year limitations period for his federal habeas action was pending (*See Id.*). The fact that Petitioner was able to file a state habeas action as well as documents in another district court during the year the statute of limitations was running on the instant claim indicates that he was not prohibited from pursuing legal matters. Moreover, the District Court dismissed his case after finding that Petitioner had failed to allege any facts which would indicate he was denied access to legal materials, pens, carbon paper or stamps and that he could not show prejudice. *Perez*, 2010 WL 1962773 at *1.

Petitioner also has failed to show that he was diligent in pursuing federal habeas relief. Petitioner claims that he was denied access to legal materials from October 2007 through August 2009, but he did not file his federal petition until June 2015. After August 2009 Petitioner filed three applications for habeas relief in state court but made no attempt to file his federal petition.

Petitioner has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in the way of his timely filing his habeas petition. Accordingly, his application for habeas relief should be dismissed as time-barred.

### 2. Actual Innocence

Petitioner also contends that he is making an actual innocence claim and that a plea of actual innocence can overcome the habeas statute of limitations. Petitioner is correct that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must show that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner has not described any newly discovered evidence that he could present if allowed to proceed with his claim. Rather, he claims that the evidence submitted at trial was contradictory and that some of the evidence was fabricated by the police. Without new evidence, Petitioner cannot show that he is entitled to the actual innocence exception to the statute of limitations. His application for habeas corpus relief should be dismissed with prejudice because it is time-barred.

### B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are time-

barred. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

### **RECOMMENDATION**

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 19) be granted. Petitioner's application for habeas corpus relief should be dismissed with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 31st day of March, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).