United States District Court
Southern District of Texas
**ENTERED**
May 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-352 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed this § 2254 petition on August 17, 2015, challenging his Nueces County conviction for manslaughter (D.E. 1). Pending is his third motion for appointment of counsel (D.E. 39).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered and a Memorandum and Recommendation to grant Respondent's motion to dismiss the petition as time barred is pending (D.E. 19). An evidentiary hearing is not required at this stage of the case.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's second motion for appointment of counsel (D.E. 39) is denied without prejudice.

ORDERED this 6th day of May, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE