United States District Court
Southern District of Texas
**ENTERED**
September 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-352 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 19).  On March 21, 2016, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R, D.E. 34) recommending that Respondent's motion be granted.  In addition, the Magistrate Judge recommends that any request for a certificate of appealability be denied.  The Court received Petitioner's timely filed objections to the M&R (D.E. 35) on April 18, 2016.  The Court also received Petitioner's Application for Certificate of Appealability (D.E. 42) on May 6, 2016.  The objections and application for a certificate of appealability are discussed in turn.

### I.     Objections

First, Petitioner objects to the Magistrate Judge's conclusion that his petition is barred by limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  D.E. 35, pp. 2-6.  Under this single objection, he complains that he suffered an unconstitutional state-created impediment that delayed the limitations period and that

he is entitled to equitable tolling.[1]  Both arguments are based on the same factual scenario:  the TDCJ law library denied him access to research materials, pens, paper, and postage to file his legal documents by certified mail.  D.E. 32-1.  He further claims that this was done in retaliation for past grievances.  *Id*.

**The Limitations Calculation**.  AEDPA's statute of limitation begins to run on the date on which the state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d).  Here, Petitioner's conviction became final on April 8, 2008, his deadline for seeking writ of certiorari.  *Id.*; Sup. Ct. R. 13.1.  As the M&R sets out, this made his deadline for seeking habeas review in this Court one year later, April 8, 2009.

However, the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation."  *Id.*  Petitioner filed his first state habeas application in January 2009.  Because the state application was filed within the federal limitations period, the federal statute was tolled for the fifty-six days it was pending.  28 U.S.C. § 2244(d)(2).  As a result, as properly found in the M&R, the one year limitations period expired on June 2, 2009. Although Petitioner does not disagree with this calculation, he did not file this petition—or any other habeas petition in state or federal court—on or before that

---

[1]  In his response to the motion for summary judgment, Petitioner requests only equitable tolling, but he cites authority for both equitable tolling and a delay in the triggering of the one-year federal period under AEDPA.  *See United States v. Gonzalez*, 592 F.3d 675, 680 n.3 (5th Cir. 2009) (pro se briefs are liberally construed to avoid waiver).

deadline.[2]  Instead, Petitioner filed for federal relief on August 17, 2015—more than six years late.  D.E. 1.

**Impediment**.  Petitioner's claim to an unconstitutional impediment under 28 U.S.C. § 2244(d)(1)(B) requires a finding that the law library access issues he complains of and/or the denial of postage and other materials "*actually prevented* him from timely filing his federal habeas petition."  *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original) (*citing Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)).  The M&R correctly observes that Petitioner was not prevented from filing all legal documents.  As the federal limitations period elapsed, Petitioner filed numerous legal documents in state and federal courts.  He has not articulated why he was able to file those documents despite his complaints, but not able to file his federal habeas petition.[3]  He has failed to prove that TDCJ conduct created an impediment that would satisfy the intention of § 2244(d)(1)(B).

Furthermore, even if Petitioner's contention—that a state-created impediment precluded him from filing his petition—were true, limitations would be tolled only until the removal of such impediment.  28 U.S.C. § 2244(d)(1)(B).  Petitioner offers no justification for his failure to file his petition during the six years that elapsed between August 2009 (when he admits that the impediment ended) and August 2015 (when he

---

[2]  While he filed additional state habeas proceedings, they were filed after June 2, 2009, and had no effect on the federal statute of limitations and Petitioner does not argue that they did.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[3]  In his declaration, Petitioner recites that he was busy during that time pursuing his petition for writ of certiorari to the United States Supreme Court and his habeas case in state court,  D.E. 32-1.  Had the TDCJ law library complied with his requests, he would have filed this federal habeas petition "on or about October 2010."  *Id.*, p. 6.

filed the petition). The evidence indicates that there was no impediment, as Petitioner, in fact, filed three applications for habeas relief in state court within that time.

**Equitable Tolling**. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). For the same reason that Petitioner has not demonstrated that his complaints amount to an impediment to filing, they do not constitute an extraordinary circumstance that stood in his way of filing. Neither can he show diligence. All of his arguments in that regard involve diligence in pursuing other rights, not his federal habeas complaint. And by his own admission, he would not have filed his federal habeas petition in any event until October 2010. D.E. 32-1, p. 6. Petitioner's claim to equitable tolling fails on both elements of the doctrine.

**Discovery**. Petitioner has stated that he needs to conduct discovery on this issue. But he has not stated what discovery is necessary. He already knows what he was able to file during the time in question because he is the party who filed it. He already knows what he needed to file for his federal petition because he has now filed it. He knows what library access and materials he needed in order to file his documents and what TDCJ allegedly denied him. Petitioner has not articulated a relevant need for discovery on this issue. Furthermore, Petitioner is not entitled to discovery because his allegations, even if proven, do not entitle him to the relief he seeks. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("A federal habeas court must allow discovery and an evidentiary

hearing only where a factual dispute, if resolved in the petitioners favor, would entitle him to relief.").

Petitioner's first objection regarding the application of limitations to bar his claim is **OVERRULED**.

Second, Petitioner complains that the Magistrate Judge erred by refusing to address the merits of his ineffective assistance of counsel claim. Because the application is time barred, the Court need not address the merits. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's second objection is **OVERRULED.**

Third, Petitioner objects to the Magistrate Judge's conclusion that he failed to show actual innocence. D.E. 35, p. 8. The Supreme Court has held that a plea of actual innocence may serve as a gateway through which a petitioner may avoid procedural bars. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, (2013) (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of new evidence,* no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (*quoting Schlup*, 513 U.S. at 329) (emphasis added).

As the Magistrate Judge stated, Petitioner takes exception to the evidence that was either presented or excluded during his trial, but he has altogether failed to offer or describe new evidence that would prove his innocence. D.E. 35, pp. 8-12. Having failed to satisfy the threshold requirement of the actual innocence exception, Petitioner's third objection is **OVERRULED**.

II.     **Certificate of Appealability**

The M&R recommends that any request for a certificate of appealability (COA) be denied. Petitioner does not address this portion of the M&R in his objections, but subsequently filed a motion requesting a COA (D.E. 42). Petitioner requests the Court grant a COA with respect to several issues: (1) whether limitations should be tolled on either equitable or statutory grounds and whether the Court should permit Petitioner to conduct discovery in order to develop a record in support of his tolling arguments; (2) whether the Court erred in its conclusion that Petitioner's case does not fall within the actual innocence exception; and (3) whether the one-year statute of limitations is an unconstitutional suspension of habeas relief.

The first two issues, addressed above, are matters of established law and do not involve unusual facts in this case. Petitioner has not satisfied his burden, outlined in the M&R, to demonstrate that a COA is appropriate for those issues.

The third issue is raised for the first time in his motion (D.E. 42). Petitioner's argument—that the one-year statute of limitations constitutes a suspension of habeas relief in violation of the Suspension Clause, U.S. Const. art. I, § 9, cl. 2—has been foreclosed by the Fifth Circuit. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) (holding that the one-year statute of limitations does not violate the Suspension Clause). In support of his argument, Petitioner cites *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). Petitioner's reliance on *Wyzkowski* is inapposite. *See id.* ("[T]he factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the

6 / 7

constitutional issue of whether the Suspension Clause requires such an exception for actual innocence."). This case is of no help to Petitioner because Petitioner has not satisfied the requirements of an actual innocence claim. *Id.*

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendations, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgement is **GRANTED**. The petition for habeas corpus relief is **DENIED**.

In addition, the Court has considered Petitioner's Request for a Certificate of Appealability (D.E. 42). Having concluded that Petitioner's procedural bar is not reasonably debatable, Petitioner's Request for a Certificate of Appealability is **DENIED**.

ORDERED this 6th day of September, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE